Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CHERYL MOON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| UMR, INC.; and ALASKA NATIVE TRIBAL HEALTH CONSORTIUM HEALTH & WELFARE PLAN | ) 3:13-cv-0140 [TMB] ) ) ) ) |
| Defendants, | ) |

## AMENDED COMPLAINT

Comes now the Plaintiff, Cheryl Moon, by and through counsel, and for her Amended Complaint, before Answer, against the Defendants, states and alleges as follows:

## JURISDICTION

1. This is an action for legal and equitable relief under 29 USC §1132(a)(1)(B), 1132(a)(3), or at common law, see *Cigna Corp. v. Amara*, 09-804 (U.S. 5-16-2011), 131 S.Ct. 1866.

2. This Court has subject jurisdiction over the matter pursuant to 29 USC 1001-1461(ERISA) and 28 USC 1331; 28 USC 1332 and personal jurisdiction pursuant to 29 USC 1132(e)(2).

*Walther
&
Flanigan*

*1029 W. 3rd Ave.
Suite 250
Anchorage, AK
99501*

*Telephone
(907) 279-9999*

*Facsimile
(907) 258-3804*

3. Cheryl Moon was at all times applicable to this complaint, and remains, a resident of Alaska.

4. Alaska Native Tribal Health Consortium (ANTHC) is the sponsor and administrator of the Alaska Native Tribal Health Consortium Health & Welfare Plan (hereinafter "THE Plan") which is an employee benefits Plan intended to benefit ANTHC employees, by providing Medical Expense Benefits and is governed by ERISA, 29 USC 1001-1461et seq.

5. ANTHC determines eligibility for the employee benefit plans as the PLAN's Administrator and pays premiums for insurance policies that provide the employee benefits.

6. The Medical Expense benefits under the PLAN are provided by way of a Medical Expenses Policy issued by UMR, Inc. who is the Claims Administrator of the PLAN.

7. UMR, Inc. as the Claims Administrator determines whether benefits are paid under the PLAN.

8. UMR, Inc. has an inherent conflict of interest in its role as claims administrator, since any claims it approves are paid for out of UMR, Inc.'s accounts.

9. UMR, Inc. breached its fiduciary duty to the Plaintiff and abused any discretion is possessed by refusing the pay medical expenses under the Plan for a Roux en y surgical procedure, that UMR, Inc. pre-approved by verbal and written authorization to Plaintiff's surgeon and found to be reasonable and necessary given her documented physical maladies.

Page 2 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 2 of 12

10. The Plan provided for payment of such expenses given Plaintiff's physical maladies and her Plaintiff's doctor's recommendation for Roux en y surgery, which UMR, Inc. found to be reasonable and necessary.

11. UMR, Inc. is equitably estopped from denying coverage for medical expenses for Plaintiff's Roux en y surgery, once UMR. Inc. pre-authorized the surgery and agreed to pay for the expenses of the surgery, resulting in Plaintiff and her surgeon's reliance upon that pre-authorization.

12. Based on the circumstances of this matter, this Court has jurisdiction to resolve the issues presented in this case under 29 USC §1132(a)(1)(B), 1132(a)(3), or at common law, see *Cigna Corp. v. Amara*, 09-804 (U.S. 5-16-2011), 131 S.Ct. 1866.

## FACTUAL ALLEGATIONS

13. Plaintiff realleges all previous allegations.

14. Prior to her roux en y surgery, Mrs. Moon had a history of hyperlipidemia, sleep apnea, depression, fatty liver and elevated blood pressure, all of which her primary care physician felt would be benefitted by Roux en y surgery. She was referred for Roux en y surgery by her primary care physician to surgeon Michael Todd, M.D..

15. Dr. Todd documented in his file, "Significant NASH, OSA for which she uses a CPAP set on 15, possible asthma, history of carcinoid cancer of the GI tract for which she had a surgical resection, history of ventral hernia repair, hypercholesterolemia,

*Flanigan & Bataille*

*1007 W. 3rd Ave.*
*Suite 206*
*Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 3 of 12
Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 3 of 12

hemorrhoids, shortness of breath when climbing stairs, swelling of her legs, feet, ankles and forearm, urinary incontinence with cough or strain."

16. Moon's pulmonologist opined that with weight loss her CPAP pressure should decrease.

17. Dr. Todd agreed that the surgery would provide a medical benefit to Moon.

18. Moon, in conjunction with Dr. Todd's office, then sought approval from the PLAN's claims administrator UMR for surgical procedures recommended by Dr. Todd.

19. In January, 2012, UMR denied the request for certain procedures, but specifically approved the roux en y procedure.

20. UMR then wrote two letters to Mrs. Moon indicating that the surgery was both medically necessary and approved.

21. UMR wrote identical letters to Dr. Todd's office confirming the roux en y procedure was both medically necessary and approved.

22. In addition to written assurance that the surgery was medically necessary and approved, Moon, through Dr. Todd's office, sought verbal assurance as well that the surgery would be covered by Mrs. Moon's insurance.

23. On December 12, 2011, and again on January 6, 2012, Dr. Todd's office contacted UMR to determine if approval would be given for Mrs. Moon's surgery. Dr. Todd's office was told that the request to pay for the surgery was still pending.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 4 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 4 of 12

24. Then on January 9, 2012 Dr. Todd's office was specifically told by a UMR employee that the request for roux en y surgery with CPT code 43644 was approved with a two day hospital stay.

25. Dr. Todd's office staff then spoke directly to a UMR employee who confirmed UMR's written approval and provided CPT codes to Dr. Todd's office pertaining to the approved procedure.

26. The providing of the CPT codes is the standard method within the medical insurance industry for indicating to a health care provider that coverage for the procedure has been confirmed.

27. The verbal confirmation was consistent with the letter written the same day to both Dr. Todd and Mrs. Moon stating that the request for roux en y surgery had been approved.

28. Prior to surgery, Dr. Todd's office again contacted UMR who again agreed the surgery was medically necessary and advised via letter "This request for gastric bypass roux en y is approved. The request for gastrostomy, cholecystectomy and liver biopsy is denied."

29. The letter to Dr. Todd's office is similar to other insurance company letters of approval routinely received by Dr. Todd's office.

30. Dr. Todd's records reflect the conversation: "UMR Approved" and CPT numbers.

31. Those CPT numbers were the ones provided directly to Dr. Todd's office by a UMR employee.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 5 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 5 of 12

32. Dr. Todd's Office later contacted UMR to give them the updated surgery date. At that time UMR did not suggest to Dr.Todd's office that there was any question of insurance coverage for the surgery.

33. Both Dr. Todd and Mrs. Moon relied upon UMR's verbal and written assurances that the procedure would be covered. Neither would have gone forward with this surgery without the specific written and verbal assurances by UMR that it would be covered.

34. Surgery occurred on February 28, 2012 at Providence Alaska Medical Center. Thereafter, Mrs. Moon spent two days in the hospital. Dr. Todd's total bill was $12,231. The PAMC bill was $65,661.22. The original anesthesia bill was $3,712, which has now increased to $4,792.10

35. Per its prior approval, UMR paid Dr. Todd's bill.

36. The surgery was a success. The expected medical benefit to Mrs. Moon's co-morbidities had been realized.

37. Everything seemed fine until Mrs. Moon began getting bills from PAMC and the anesthesia group. When Mrs. Moon complained to UMR that those bills had not been paid, UMR responded by demanding that Dr. Todd reimburse UMR for the payment made to him.

38. Dr. Todd's office staff called and asked UMR why Dr. Todd was being asked to return the payment for a surgery he had been assured by UMR, both verbally and in writing prior to the surgery would be covered. His staff was told by a UMR employee it was because Mrs. Moon had other insurance which was why Mrs. Moon's liver was

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 6 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 6 of 12

not approved for a biopsy during her roux en y surgery, although UMR admitted it was medically indicated and necessary.

39. Since UMR was Mrs. Moon's primary insurer that was not a valid basis for denying her medical expense claims.

40. Following UMR's refusal to pay medical bills and its request to Dr. Todd to repay the monies they paid him for the surgery, Mrs. Moon appealed their decision.

41. In UMR's response to Mrs. Moon's initial appeal letter it was stated, "Based on review of the information received and the charges in question, the gastric bypass Roux-en-Y performed on Feb. 28, 2012 was for treatment of morbid obesity."

42. That was incorrect. Mrs. Moon's surgery was not primarily for weight loss. Her multiple diagnoses were documented in the UMR Care Management letter as follows:

> Diagnosis: 278.01 - Morbid Obesity
> 327.23 - Obstructive Sleep Apnea (Adult) (Pediatric)
> 272.0 - Pure Hypercholesterolemia
> 571.8 - Other Chronic Nonalcoholic Liver Disease

37. The purpose of pursuing bariatric surgery was to try to better control Mrs. Moon's multiple medical issues. It is important to note her highest BMI pre-surgery was 37, not over 40 BMI. Her highest weight was 215 lbs - significantly less than 100 pounds overweight. Both figures are below what is usually thought to be the medical threshold for weight loss surgery.

*Flanigan & Bataille*

*1007 W. 3rd Ave.
Suite 206
Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 7 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 7 of 12

*Flanigan & Bataille*

*1007 W. 3rd Ave.*
*Suite 206*
*Anchorage, AK*
*99501*

*Telephone*
*(907) 279-9999*

*Facsimile*
*(907) 258-3804*

38. One of the biggest drivers for pursuing the roux en y surgery was Mrs. Moon's GI carcinoid cancer and extensive surgery that occurred in 2004. Carcinoid cancer is an endocrine cancer that does not respond to chemotherapy or radiation; the only treatment is surgical removal. Although this cancer is slow growing, it is known to easily spread into many major organs of the body. If Moon's cancer returns, there is a 70% chance that the next site of a malignant tumor(s) will be in the liver since the original site of the cancer was her GI track. Thus, Mrs. Moon is driven to keep her liver as healthy as possible so it is not predisposed to cancer growth.

39. During Mrs. Moon's 2004 bout with cancer one of the body scans documented her liver as being a significantly fatty liver. A 9/2/11 US Abdomen Complete showed "the liver is increased in echogenicity, consistent with fatty infiltration." On 10/28/11 a CT Abdomen Pelvis WO Contrast test again showed fatty infiltration. Pre Roux en y surgery, Mrs. Moon's liver consistently showed abnormally high levels of liver enzymes (aspartate transaminase -[AST] and alanine transaminase [ALT]) indicating liver damage.

40. During Mrs. Moon's 2/28/12 bariatric surgery Dr. Todd also noted, "The liver was moderately engorged, and not biopsied." Significant weight loss will reduce the damage to her liver, which has been proven to be true. Mrs. Moon's post-surgical blood work now shows normal liver enzymes in the liver function tests nine months post-bariatric surgery.

Page 8 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 8 of 12

41. Mrs. Moon's over five year history with obstructive sleep apnea is well documented in her medical records as is her long-term hypercholesterolemia and NASH (nonalcoholic steatohepatitis) disease. These conditions were also improved following Roux en y surgery.

42. When Mrs. Moon requested a copy of her claim file, so she could understand what the basis for UMR's actions were, UMR refused to provide her with a copy of the file in violation of their obligation to do so.

43. Based on these circumstances, Mrs. Moon, by and through attorney Roger Holmes, appealed UMR's decision, which appeals did not result in UMR changing its position, but outlined the unreasonableness of UMR's position. (Exhibits 1 & 2).

## CAUSES OF ACTION

### I
### BREACH OF FIDUCIARY DUTY/ABUSE OF DISCRETION

44. Plaintiff realleges all previous allegations.

45. The ANTHC Health and Welfare Plan provided medical expense benefits for the employees of ANTHC, including the Plaintiff.

46. Given Plaintiff's health problems, UMR's finding that a roux en y surgery was reasonable and necessary, and UMR's pre-authorization of the roux en y surgery, the Plan provided for payment of Plaintiff's medical expenses associated with the roux en y surgery.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 9 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 9 of 12

47. UMR, Inc. breached its fiduciary duty and any discretion it had under the Plan by refusing to pay medical expenses for Plaintiff's roux en y surgery, and demanding Plaintiff's physician repay his charges for the surgery that UMR, Inc, had already paid.

48. UMR Inc. and the ANTHC HEALTH AND WELFARE PLAN are liable to pay all Plaintiff's medical expenses related to the roux en y surgery she received.

## **EQUITABLE RELIEF**

49. Plaintiff realleges all previous allegations.

50. UMR, Inc. pre-approved Plaintiff's roux en y surgery verbally and in writing and provided PCT codes to Plaintiff's surgeon for billing purposes.

51. UMR, Inc., by and through the actions of its claims representatives, represented and assured Plaintiff and her surgeon that UMR, Inc. would pay for Plaintiff's roux en y surgery.

52. Plaintiff and her doctor reasonably relied upon those representations undertaking actions to allow and perform a roux en y surgery on the Plaintiff.

53. To the extent that the PLAN does not provide for payment of the medical expenses related to Plaintiff's roux en y surgery, Plaintiff is entitled to equitable relief requiring UMR, Inc and the PLAN to pay for her medical expenses associated with the roux en y surgery.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 10 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 10 of 12

## FAILURE TO PROVIDE REQUESTED DOCUMENTS

54. Plaintiff realleges all previous allegations.

55. Plaintiff requested copies of the claims files of UMR, Inc. so she could understand the basis for UMR, Inc.'s refusal to pay her medical expenses related to her in the amount required to pay for all medical expenses related to Plaintiff's roux en y surgery.

56. Plaintiff needed those documents in order to fully prepare her administrative appeal.

57. UMR, Inc., despite repeated requests for those documents refused to provide them, thus prejudicing Plaintiff's administrative appeal.

58. U.S. Code Provision, 29 USC 1132(c) provides for a penalty of up to $100 a day for failure of a claims administrator or PLAN to provide documents to which the beneficiary of the PLAN is entitled.

59. Plaintiff requests the Court award the maximum penalty provided for under 29 USC 1132(c), for each day during which UMR, Inc. and the PLAN failed to provide the Plaintiff with the documents she requested.

WHEREFORE, Plaintiff seeks the following relief from the court as follows:

1. A decision that Plaintiff is entitled to Medical Expense benefits under the ANTHC Plan to the extent required to pay for all medical expenses related to Plaintiff's roux en y surgery.

2. An award of Medical Expenses to the Plaintiff in the amount required to pay for all medical expenses related to Plaintiff's roux en y surgery.

*Flanigan & Bataille*

*1007 W. 3rd Ave.*
*Suite 206*
*Anchorage, AK 99501*

*Telephone*
*(907) 279-9999*

*Facsimile*
*(907) 258-3804*

Page 11 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 11 of 12

*Flanigan*
*&*
*Bataille*

*1007 W. 3rd Ave.*
*Suite 206*
*Anchorage, AK*
*99501*

*Telephone*
*(907) 279-9999*

*Facsimile*
*(907) 258-3804*

3. Alternatively, an order that UMR is enjoined from denying medical expense benefits to the Plaintiff in the amount required to pay for all medical expenses related to Plaintiff's roux en y surgery accompanied by an order to pay such expenses.

4. An award of pre-judgment interest.

5. An award of attorneys fees and costs expended in prosecuting this action.

6. A penalty of $100 a day or such other penalty as the Court deems just as against UMR, Inc. and the ANTHC HEALTH AND WELFARE PLAN, for failure to provide documents requested by the Plaintiff and her counsel, during the administrative appeals.

7. Other equitable relief as the Court deems just.

DATED THIS 30th DAY OF AUGUST, 2013.

        FLANIGAN & BATAILLE
        ATTORNEYS FOR PLAINTIFF

        _____
        s/ Michael W. Flanigan
        1007 W. 3rd Ave., Ste 206
        Anchorage, Alaska, 99517-1014
        (907) 279-9999 Phone
        (907) 258-3804 Fax
        E-Mail: mflanigan@farnorthlaw.com
        Alaska Bar No. #7710114

Page 12 of 12

Plaintiff's Amended Complaint
*Moon v.UMR, INC. & ANTHC H&W PLAN, Case No. 3:13-cv-140 (TMB)*
Case 3:13-cv-00140-TMB   Document 4   Filed 08/30/13   Page 12 of 12